In re BAUSCH PICTURE FRAME & MOULDING CO.

(District Court, E. D. New York. February 16, 1914.)

1. RECEIVERS (§ 204*)—DISCHARGE—OBJECTIONS.
    Where the receiver of a corporation was appointed trustee in bankruptcy, and individual creditors of the incorporator, president, and principal stockholder claimed the corporate assets and objected to the trustee's sale, because they were not given notice, such objection furnished no reason for not permitting the receiver to account and be discharged and paid the proper allowance of commissions, as such accounting would not prevent relief against the trustee if the sale should be set aside or the proceeds held inadequate, and surcharged.
    [Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 319, 407, 408; Dec. Dig. § 204.*]

2. RECEIVERS (§ 198*)—COMMISSIONS—AMOUNT.
    A receiver of a corporation is entitled to only such compensation as the court may allow, not exceeding the maximum fixed by law.
    [Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 392–396; Dec. Dig. § 198.*]

3. RECEIVERS (§ 198*)—COMMISSIONS.
    Where the same person is receiver of a corporation and trustee in bankruptcy, he should not be paid double commissions as receiver on the value of real estate turned over to the trustee in kind and double commissions on the value of the same property as trustee, unless his services were worth as much or more than all possible allowances.
    [Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 392–396; Dec. Dig. § 198.*]

In Bankruptcy. Proceeding against the Bausch Picture Frame & Moulding Company. On application by receiver of bankrupt for discharge and allowance of commissions. Application granted.

James Gray, Receiver, in pro. per.
Raymond C. Haff, of Farmingdale, N. Y., for creditor.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

CHATFIELD, District Judge. [1] "Individual" creditors object to the account of the receiver of the corporate assets which are claimed by the creditors of the individual, who was the incorporator, president, and principal stockholder of the corporation. The creditors of the individual bankrupt were not given formal notice of sale, which was sent only to creditors of the corporation. They therefore object also to any act which apparently recognizes the validity of the sale. This objection cannot be sustained. The sale may be attacked, and in the meantime the proceeds should be held so that the creditors of the individual may be protected if they have any further rights, but there is no reason why the receiver should not account and be discharged as to the assets which he had in his hands as receiver. He may also be paid a proper allowance. Such accounting would not prevent relief against the trustee if the sale should in any way be set aside or the proceeds held inadequate and any amount be surcharged.

[2] As to commissions, the receiver can ask double commissions upon the property actually passing through his hands and used in conducting the business. He can receive only what the court "allows," as the law fixes a maximum up to which the court may grant the proper "compensation."

[3] The property in this case included the real estate, and the price realized was in effect for the equity therein. The receiver has not asked commissions upon the value of the real estate covered by the mortgages, etc., but has asked for double commissions upon the receipts from the business and upon the equity from the sale of the property turned over to the trustee "in kind."

As receiver and trustee, the same individual should not be paid double commissions on the value of the real estate as receiver and double commissions on the value of the same property as trustee, unless the services were worth as much or more than all possible "allowances." Here the receiver would seem to be entitled to double commissions on $3,948.25, and a single commission on the equity of $5,000, amounting to $337.94, and also one-half of the double commission on the $5,000 equity at 2 per cent., or $50 more. The remaining $50 should be allowed to the trustee as a part of his double commission for running the business after his qualification as trustee.

The allowance to the receiver will not be computed upon the property covered by liens.